UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRANCE SWANN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-00013-SEB-DML ) |
| JASON CARTER MD, Lead Practitioner/Physician, et al., | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

Plaintiff Terrance Swann filed this lawsuit while incarcerated at New Castle Correctional Facility. He alleged that numerous Centurion medical staff were deliberately indifferent when they failed to appropriately treat his testicular pain, testicular cyst, back pain, and constipation. He is suing eight total medical defendants and alleges both constitutional and state law claims. Dkt. 13. Mr. Swann has filed two motions for preliminary injunction, dkts. [110], [129], and a motion to dismiss, dkt. [142], which the Court now addresses in turn.

### I.    Background

At the inception of the case, Mr. Swann filed two motions for preliminary injunction requesting that the Court order the defendants to perform two surgeries and continue prescribing him his pain medication. Dkts. 3, 17. On December 6, 2024, the Court denied Mr. Swann's motion for preliminary injunctive relief because he had not shown a likelihood of success on the merits. Dkt. 52. Mr. Swann later filed a motion to reconsider the Court's previous denial of his preliminary injunction. Dkt. 58. The Court denied this motion due to Mr. Swann's numerous amendments to his complaint which changed the defendants he originally named as responsible for the alleged constitutional violations.

1

On September 5, 2025, Mr. Swann renewed his motion for a preliminary injunction. Dkt. 110. In this motion, Mr. Swann renews his request that the defendants continue to prescribe him his preferred pain medication, Trileptal. *Id.* Mr. Swann alleges that without this medication, he became dependent on fentanyl and alcohol, and although another nurse prescribed him an alternative drug, it proved to be ineffective. *Id.* For relief, Mr. Swann requests for Centurion to develop a plan to address his chronic back pain and for the defendants to address his fentanyl and alcohol addiction. *Id.*

On October 24, 2025, Mr. Swann filed another preliminary injunction motion, alleging that on September 4, 2025, he broke his hand and that he has received deficient medical care related to this injury. Dkt. 129. For relief, he requests that the Court order Centurion to evaluate whether his wrist was broken, address his wrist injury, and move him to the bottom bunk. *Id.* at 9-10. Shortly thereafter, Mr. Swann filed a motion to dismiss, requesting that the Court dismiss his *Monell* claims against Centurion. Dkt. 142.

## II.   Legal Standard

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). The plaintiff first must show that "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the Court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the Court were to grant it." *Id.*

"A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "mere possibility" or even a "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762−63 (7th Cir. 2020). Under the Prison Litigation Reform Act (PLRA), "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

"[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) (cleaned up). "A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally." *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945).

### III.    Discussion

Mr. Swann's August 2025 emergency motion for preliminary injunction, dkt. [110], is **denied**. The Court's previous order denying Mr. Swann's request for pain medication noted that, "[u]nder the Eighth Amendment, [the plaintiff] is not entitled to demand specific care. [H]e is not entitled to the best care possible. [H]e is entitled to reasonable measures to meet a substantial risk of serious harm to [him]." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Mr. Swann "is not entitled to demand specific care." *Id.* Even if Mr. Swann believes alternative prescriptions are ineffective, he is not entitled to the specific pain medication he desires. Further, because the defendants are aware of and monitoring Mr. Swann's chronic back condition and have attempted to provide him alternative medications, he has not shown that he is likely to succeed on the merits of the claim by showing the defendants are consciously disregarding his chronic pain. "Less

3

efficacious treatment—chosen without the exercise of professional judgment—can constitute deliberate indifference." *Petties v. Carter*, 836 F.3d 722, 730. But Mr. Swann has failed to present evidence that his treatment "departed from accepted medical judgment, practice, or standards." *Proctor v. Sood*, 863 F.3d 563, 568 (7th Cir. 2017).

Mr. Swann also requests that the Court order Centurion to assist him with treatment of his alcohol and fentanyl dependence. However, these are matters outside the scope of the claims Mr. Swann has alleged related to his pain medication. The claims in this case stems from the allegation that Mr. Swann has been denied adequate treatment for his chronic back pain because his Trileptal was discontinued. That claim is unrelated to the injunctive relief sought, treatment of his substance abuse disorder.

As to Mr. Swann's second motion for preliminary injunction, dkt. [129], this motion is similarly **denied.** The reason for this ruling is that the relief sought is outside the scope of the claim that is proceeding in this case. "A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). It is not appropriate when "it deals with a matter lying wholly outside the issues in the suit." *Id*. Mr. Swann's allegations related to his hand injury are wholly unrelated to the allegations the Court screened through in his amended complaint. "There must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio,* 396 Fed. App'x 836, 837 (3d Cir.2010) (per curiam) (internal quotation marks omitted). Thus, "a court may not grant an injunction when the issues raised in the motion are entirely different from those raised in the complaint." *Jones v. Taylor,* No. 3:12cv487, 2013 WL 1899852, at *2 (M.D.Pa. May 7, 2013) (citing *De Beers,* 325 U.S. at 220–23); *see also Kaimowitz v. Orlando, Fla.,* 122 F.3d 41, 43 (11th Cir.1997) ("A district court should

not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.") (citing *De Beers,* 325 U.S. at 220). Accordingly, his motion is **denied.**

Finally, Mr. Swann's motion to dismiss his claims against Centurion, dkt. [142], is **granted** to the extent that it is **effective** as a notice of dismissal pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure. No final judgment is required under these circumstances.

### IV.     Conclusion

Mr. Swann's emergency motion for preliminary injunction, dkt. [110], is **denied**.

Mr. Swann's second motion for preliminary injunction, dkt. [129], is **denied.**

Mr. Swann's motion to dismiss his claims against Centurion, dkt. [142], is **granted**. The **clerk is directed** to terminate Centurion as a defendant on the docket.

**IT IS SO ORDERED.**

Date:  12/5/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TERRANCE SWANN
956680
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All Electronically Registered Counsel